309 So.2d 430

Ulyss Eugene **WEATHINGTON**

v.

**CITY OF BIRMINGHAM, a Municipal Corporation.**

SC 972.

Supreme Court of Alabama.

March 6, 1975.

William Conway, Birmingham, for appellant.

William C. Walker, Birmingham, for appellee.

EMBRY, Justice.

This is an appeal from a decree of the Circuit Court of Jefferson County declaring § 1567(12–16), Code of Ala., Vol. 14B (hereafter Act No. 1361) constitutional. The Act appears in full in appendix to this decision. City of Birmingham has filed Motion To Strike Transcript and Dismiss Appeal. The Motion To Dismiss is granted.

To properly understand this decision it becomes necessary to set out the facts chronologically. On March 7, 1973, Weathington was convicted in Recorder's Court, City of Birmingham, for the commission of several misdemeanors arising out of a single transaction. His sentences were suspended, and he was placed on probation for three years. On May 29, 1973, Weathington was tried and convicted in Recorder's Court for the commission of other misdemeanors arising from transactions other than those made the basis of his first convictions. Thereafter, on June 4, 1973, following a hearing, his probation was revoked and the previously suspended sentences were put into effect. Weathington then filed petition for the writ of habeas corpus in the Circuit Court of Jefferson County. That petition was denied June 6, 1973. November 13, 1973, on appeal to the Court of Criminal Appeals the order denying the petition was affirmed. Weathington v. City of Birmingham, 52 Ala.App. 77, 289 So.2d 645, cert. denied 292 Ala. 757, 289 So.2d 649.

July 17, 1974, he then filed the complaint in this case. It sought declaratory judgment that Act No. 1361 was unconstitutional and injunction to prevent its enforcement. The asserted unconstitutionality, State and Federal, was based on the following: (1) it placed Weathington in double jeopardy; (2) it was a local law providing for the punishment of a crime in violation of Ala.Const., Art. 4, § 104 (1901); (3) it was a local law as passed but had not been published per Ala.Const., Art. 4, § 106, and (4) the legislature had

no authority to directly confer the power of suspension of sentences and grant of probation on Recorder's Courts. August 26, 1974, the lower court dismissed this case and declared the Act to be constitutional.

August 27, 1974, Weathington filed another petition for the writ of habeas corpus in Jefferson County Circuit Court. September 5, 1974, Weathington was ordered to be discharged from custody by that Circuit Court.

Previously, on Sept. 12, 1974, Weathington had perfected this appeal from the decree of August 26, 1974, declaring Act No. 1361 constitutional. Thus, at the time of submission of this case to this court it appears that Weathington is under no present legal restraint from the operative effect of Act No. 1361.

■ For the reasons that follow, we decline to decide any issue concerning the constitutionality of the Act and hold this appeal to be moot.

"\* \* \* The function or duty of a judicial tribunal is to determine real controversies relative to the legal rights of persons or property, which are actually involved in the particular case \* \* \*" American Federation of State, County and Municipal Employees v. Dawkins, 268 Ala. 13, 18, 104 So.2d 827, 831.

There is no question that at the time Weathington filed this suit there existed, between him and the City of Birmingham, a justiciable controversy involving Act No. 1361. Shadix v. City of Birmingham, 251 Ala. 610, 38 So.2d 851. However, by the time this appeal was taken under submission by this court, Weathington had been discharged from custody. We have held on numerous occasions that where an event occurs which renders a case moot prior to this court considering an appeal the appeal will be dismissed because it is not necessary. Chisolm v. Crook, 272 Ala. 192, 130 So.2d 191; State ex rel. City of Prichard

v. Jansen, 271 Ala. 104, 122 So.2d 736; McDonald v. Lyle, 270 Ala. 715, 121 So.2d 885; State ex rel. Lloyd v. Morris, 262 Ala. 432, 79 So.2d 431. This is especially true with reference to actions for declaratory judgments. Copeland v. Jefferson County, 284 Ala. 558, 226 So.2d 385.

Under the facts of this case, in its present posture, nothing we could presently decide would affect the immediate legal rights of Weathington. Since Weathington is not now in custody, a decision as to the constitutionality of Act No. 1361 would be of no benefit to him. It would merely be a decision in the abstract.

We make this determination that this appeal is moot fully aware of recent decisions of the federal courts on this point. Two of those cases deserve especial comment. In Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147, an unmarried pregnant woman desired to terminate her pregnancy. She sought a declaration that Texas's abortion statutes were unconstitutional. By the time her appeal from an adverse · ruling had reached the Supreme Court of the United States, Roe had delivered her baby. It would thus appear at that juncture the case was properly moot. In holding otherwise the court noted:

"\* \* \* [W]hen, as here, pregnancy is a significant fact in the litigation, the normal 266-day human gestation period is so short that the pregnancy will come to term before the usual appellate process is complete. If that termination makes a case moot, pregnancy litigation seldom will survive beyond the trial stage, and appellate review will be effectively denied. Our law should not be that rigid. \* \* \*" 410 U.S. at 125, 93 S.Ct. at 713.

In Super Tire Engineering Co. v. McCorkle, 416 U.S. 115, 94 S.Ct. 1684, 1698, 40 L.Ed.2d 1, the court considered whether:

"\* \* \* the short-term nature of that action makes the issues presented

here 'capable of repetition, yet evading review,' so that petitioners are adversely affected by government 'without a chance of redress.' (Citations omitted.)"

■ Considerations that persuaded the Supreme Court of the United States to consider those cases viable and not moot are not present here. When the sentences of Weathington were suspended and he was placed on probation, he became subject to the threat of his probation being revoked and sentences being put into effect by the Recorder's Court. This situation could have existed for a period of three years. That period is not so short as to fall within the rule of *Roe* or *Super Tire,* supra.

Moreover, even were we to assume, arguendo, that no one placed on probation would have the temerity to challenge a legislative act which granted him some measure of freedom through probation, our judgment on the question of mootness remains the same. Code of Ala., Tit. 1, § 7, defines a misdemeanor as any crime not punishable by death or imprisonment in the penitentiary. Code of Ala., Tit. 37, § 594, grants original and concurrent jurisdiction to recorders for the trial of all misdemeanors committed within cities or the police jurisdiction of same. Notwithstanding Code of Ala., Tit. 37, § 586, the punishment in those cases is that fixed by the general laws of this state. Thus it is possible for a recorder to sentence a person convicted of a misdemeanor to a period of confinement in excess of six months; e. g., Code of Ala., Tit. 14, § 4 (hard labor for county for not more than one year), § 5 (imprisonment in county jail for not more than two years), § 34 (imprisonment in county jail for not more than one year).

Simply because there are conceivable situations in which a person may have up to two years with in which to appeal the revocation of probation by challenging the constitutionality of Act No. 1361 does not make this case one where the issues presented are "capable of repetition, yet evading review."

It is apparent that a person in the position of Weathington would have ample time to complete the appellate process in this State. No decision we could render in this case would directly affect the immediate legal rights of Weathington, hence this appeal is dismissed as moot.

Appeal dismissed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.

## APPENDIX

*§ 1567(12). Recorders courts may suspend sentence and grant probation.*—All recorders courts of municipalities now having or hereafter having a population of 250,000 or more according to the last or any subsequent federal census may suspend execution of sentence and place on probation, as herein provided, any person convicted in said recorders court. (1971, No. 1361, § 1 appvd. Sept. 17, 1971.)

*§ 1567(13). Investigation; bond.*—The said recorders court may make such investigations as it deems necessary and desirable and when directed by the court, the probation officer or such other suitable person or persons that the court may designate shall fully investigate and report to the court in writing the circumstances of the offense, criminal record, social history and present condition of defendant, including, where possible a physical and mental examination. No defendants, unless the court shall otherwise direct, shall be placed on probation or released under suspension of sentence until the report of such investigation shall have been presented to and considered by the court. In all cases where the defendant has made bond prior to the time of the trial and an application for probation is made to the court, the judge of such court may suspend the execution of the sentence, and continue the defendant under the same bond or may require such additional bail as he deems necessary, pending the disposition of the application for probation and such bond shall

remain in full force and effect until the application for probation is finally disposed of. (1971, No. 1361, § 2, appvd. Sept. 17, 1971.)

§ 1567(14). *Court determines conditions of probation.*—The court shall determine and may, at any time, modify the conditions of probation and may include among them the following, or any other: That the probationer shall avoid injurious vicious habits: avoid persons or places of disreputable or harmful character: report to the probation officer as directed: permit the probation officer to visit him at his home or elsewhere: work faithfully at suitable employments as far as possible: remain within a specified place: pay the fine imposed and costs or such portions thereof as the court may determine, and in such installments as the court may direct: make reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court and support his dependents to the best of his ability. (1971, No. 1361, § 3, appvd. Sept. 17, 1971.)

§ 1567(15). *Probation officer's reports; powers and duties; reports privileged.*— The probation officer, if such be designated, or such person or persons as may be designated by the court, shall investigate all cases referred to him for investigation by the court and shall report in writing thereon. He shall furnish to each person released on probation under his supervision a written statement of the conditions of probation and shall instruct him regarding the same. Such officer shall keep informed concerning the conduct and conditions of each person on probation under his supervision by visiting the probationer, requiring reports, and in other ways and shall report thereon in writing as often as the court may require. Such officer shall use all practicable and suitable methods, not inconsistent with the conditions imposed by the court, to aid and encourage persons on probation and to bring about improvement in their conduct and condi-

tion. Such officer shall keep detailed records of his work and shall make such reports in writing to the court as it may require. A probation officer shall have, in the execution of his duties, the powers of arrest and the same right to execute process as is now given, or that may hereafter be given by law, to the sheriffs of this state. All reports, records and data assembled by any probation officer and referred to the court shall be privileged and shall not be available for public inspection except upon order of the court to which the same was referred: provided, however, that in no case shall the right to inspect said reports be denied the defendant or his counsel after said reports have been completed or filed. (1971, No. 1361, § 4, appvd. Sept. 17, 1971.)

§ 1567(16). *Court determines period of probation; limitation on length of probation; discharge; arrest for violation of probation; arrest without warrant; hearing.*—The period of probation or suspension of execution of sentence shall be determined by the court and may exceed the length of the sentence and such period may be extended by the court but shall not exceed a period of three years from date of sentencing. Upon the satisfactory fulfillment of the conditions of probation or suspension of sentence, the court shall by order duly entered on its minutes, discharge the defendant. At any time during the period of probation or suspension of execution of sentence, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence. Any probation officer, police officer or other officer with power of arrest upon the request of the probation officer, may arrest a probationer without a warrant. In case of an arrest without a warrant, the arresting officer shall have a written statement by said probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation and said statement shall be sufficient war-

rant for the detention of said probationer in the county or city jail, or other appropriate place of detention, until such probationer shall be brought before the court. Such probation officer shall forthwith report such arrest and detention to the court and submit in writing a report showing in what manner the probationer has violated probation. Thereupon the court, after a hearing, may revoke the probation or suspension of sentence and shall proceed to deal with the case as if there had been no probation or suspension of execution of sentence, and shall order and adjudge that the sentence be immediately executed. (1971, No. 1361, § 5, appvd. Sept. 17, 1971.)