This is an appeal from a judgment in a quo warranto action that upheld the right of a member of the Alabama Real Estate Commission residing in the same Congressional District with another member to continue to hold office until his term expired later in the year of the judgment (1977). This event has occurred and a successor has been named who resides in a different Congressional District from any other member.
This action was brought in the name of the State of Alabama, on the relation of John C. Eagerton, III, and by John C. Eagerton, III, as plaintiffs against Paul C. Corwin and Stancil King, defendants, pursuant to Title 7, Chapter 33, Code (1940). The relief sought was a judgment holding Corwin and King to be guilty of usurping, or intruding into, or unlawfully holding or exercising the office of a member of the Alabama Real Estate Commission and excluding each of them from such office.
The parties entered into the following stipulation:
 "1. The Defendant, Paul C. Corwin ("Corwin"), was first appointed to serve as a member of the Alabama Real Estate Commission (herein "the Commission") on November 10, 1969, to serve a five-year term.
 "2. At the time of Corwin's appointment, at the present time, and at all times in between, Corwin was a resident of Montgomery County, Alabama.
 "3. Montgomery County, Alabama, is, and at all times relevant to this action, has been, in the Second Congressional District of Alabama.
 "4. On January 19, 1972, Houston County, Alabama, was made a part of the Second Congressional District of Alabama.
 "5. The Defendant, Stancil King, was appointed to serve as a member of the Commission on December 4, 1972, to serve a five-year term.
 "6. At the time of his appointment, and at all times relevant to this action, *Page 768 
the Defendant, Stancil King, was a resident of Houston County, Alabama.
 "7. Corwin's first term expired September 30, 1974, and he was appointed to serve a second term on November 8, 1974.
 "8. Both Defendants claim to be duly appointed members of the Commission since the time of their respective appointments.
 "9. The required qualifications for members of the Commission are governed by Ala. Code Tit. 46, § 311 (4) (1958) (Cum.Supp. 1973); which was Act 422 that became effective October 1, 1972."
Other evidence was adduced which in view of the decision to follow, we do not deem necessary to comment upon. After submission to the trial court without a jury, judgment was entered which in pertinent part reads:
 "2. Under the Constitution of Alabama, the Alabama Legislature had authority to provide as it did in Title 46, § 311 (4) of the Code of Alabama, that no two members of the Commission shall reside in the same Congressional District.
 "3. This Court determines that in this quo warranto
action involving the appointment and authority of members of a public regulatory agency, the Court must consider the public interest in fashioning relief to be granted. This Court is of the opinion and finds that the orderly administration of the Alabama Real Estate Commission requires that the Defendants, Paul C. Corwin and Stancil King continue to serve for the terms for which they were appointed without interference by this Court. This conclusion finds additional support in the fact that Mr. King's term will expire in a matter of months later this year.
 "4. On the expiration of the current term of Mr. Stancil King, the requirements of Title 46, § 311 (4) of the Code of Alabama shall be strictly adhered to and, thereafter, this Court will not permit any two members from the same Congressional District to serve at the same time on the Alabama Real Estate Commission.
 "5. This Court shall retain jurisdiction of this matter to insure compliance with the terms of this decree."
The statutory provision cited in the judgment reads:
 "Real estate commission created; appointment; terms; compensation, etc., of members; organization. — (a) * * * Nor [Not] more than one member from any congressional district shall be appointed to serve at the the same time. * * *"
The contentions of the parties on this appeal are found in their respective briefs and as argued orally. Appellants say:
 "Where the Legislature mandates specific qualifications for appointment to an administrative office appointment by the executive of one who does not meet those qualifications is contrary to the public welfare and a nullity."
Appellees say:
 "A. An order which abstains from adjudicating any issue, but merely continues the status quo is not a final order from which an appeal may be taken.
* * * * * *
 "B. John C. Eagerton, III has no interest in the outcome of this litigation and, accordingly, he cannot maintain it.
* * * * * *
 "C. Quo warranto does not lie to test the manner in which an office was obtained.
* * * * * *
 "D. The Legislature redistricted the state for the sole purpose of electing Congressmen and not to change restrictions on the Governor's appointment power.
 "E. The restriction on the Governor's appointment power is unconstitutional as applied to Corwin and King.
* * * * * *
"F. Corwin's Board Membership is valid."
Shortly before this appeal was argued and submitted in this court the term of Stancil King as a member of the Commission expired and a successor was appointed *Page 769 
by the Governor so that no longer do two members reside in the same Congressional District. As a consequence a motion to dismiss this appeal as being moot was filed. As we see no interests of the public, or the litigants, to be served by writing to the merits of this appeal as they were addressed by the parties. We will grant the motion and dismiss the appeal as calling for decision on a moot question.
As the case stands before us now, there is no justiciable controversy between Eagerton and Corwin and King, involving § 311 (4), Tit. 46. The controversy ceased to exist when King's term as a member of the Commission expired, therefore there are no existing facts which frustrate the legislative intent as expressed in § 311 (4). No longer is more than one member from any Congressional District serving at the same time on the Commission. This renders this case moot. A case is moot when there is no real controversy and it seeks to determine an abstract question which does not rest on existing facts or rights. Postal Telegraph — Cable Co. v. City of Montgomery,193 Ala. 234, 69 So. 428 (1915); American Federation of State,County and Municipal Employees v. Dawkins, 268 Ala. 13,104 So.2d 827 (1958).
We have held that where an event occurs which renders a case moot prior to this court considering the appeal it will be dismissed because a decision is not necessary. Chisolm v.Crook, 272 Ala. 192, 130 So.2d 191 (1961); Weathington v. Cityof Birmingham, 293 Ala. 652, 309 So.2d 430 (1975).
In Weathington, quoting from Dawkins, this court said:
 "`* * * The function or duty of a judicial tribunal is to determine real controversies relative to the legal rights of persons or property, which are actually involved in the particular case * * *' * * *"
This case does not present a situation where there is likelihood of repetition of the situation giving rise to this litigation: appointment of two members of the Commission from the same Congressional District. Neither does it appear that the requirements of § 311 (4) will not be strictly adhered to in the future. The judgment of the trial court is quite clear on this point. Thus we do not have the factors militating against mootness that were present in Roe v. Wade, 410 U.S. 113,93 S.Ct. 705, 35 L.Ed.2d 147; and Super Tire Engineering Co. v.McCorkle, 416 U.S. 115, 94 S.Ct. 1684, 94 S.Ct. 1694,40 L.Ed.2d 1.
A decision by this court in this case would accomplish nothing.
APPEAL DISMISSED.
TORBERT, C.J., and FAULKNER, JONES and ALMON, JJ., concur.