STATE of North Dakota, Plaintiff and Appellee,

v.

Gary L. PATTEN, Defendant and Appellant.

Cr. No. 1063.

Supreme Court of North Dakota.

April 17, 1985.

Patricia L. Burke, Asst. State's Atty., Bismarck, for plaintiff and appellee.

Bickle, Coles and Snyder, Bismarck, for defendant and appellant; argued by James J. Coles, Bismarck.

LEVINE, Justice.

Gary L. Patten appeals from a district court order which denied him ten days' credit for time previously served against his incarceration in the North Dakota State Penitentiary. We dismiss the appeal.

Patten was charged with removing his children from North Dakota with intent to violate his former wife's rights under a custody decree in violation of North Dakota Century Code § 14–14–22.1. A federal criminal complaint was also issued charging Patten with interstate flight to avoid prosecution on the North Dakota removal charges. 18 U.S.C. § 1073 (1976). Patten was arrested and incarcerated by federal agents at El Paso, Texas. He subsequently returned to North Dakota, was convicted on the removal charge, see 353 N.W.2d 30, and sentenced to two years in the State Penitentiary, one year suspended. On the last day of his incarceration Patten wrote a letter to a Burleigh County district court judge requesting, apparently pursuant to NDCC § 12.1–32–02(2), that he be granted credit against his prison sentence for the ten days he was incarcerated in El Paso, Texas. Patten's request was denied and he appealed.

We need not discuss the merits of this case because the issue is moot. It is well established this Court will not consider appeals involving questions which are moot because to do so would result in the giving of an advisory opinion.[1] *Bond v. Busch,*

1. A rare exception to this rule is made when the moot issue is of such great public interest and the real merits of the controversy are so unsettled that public policy demands the determination of the issue. *Wiederanders v. Wiederanders,* 187 N.W.2d 74 (N.D.1971); *Hart v. Bye,* 86 N.W.2d 635 (N.D.1957). Neither of these elements is present here.

313 N.W.2d 704 (N.D.1981). An appeal becomes moot when by lapse of time or by events occurring prior to our decision this Court is unable to render effective relief. *Gasser v. Dorgan,* 261 N.W.2d 386 (N.D. 1977).

Patten's incarceration on the removal conviction expired prior to this appeal. In effect Patten is requesting ten days' credit against the jail time which he has completed serving. Consequently, there is no effective relief which this Court can grant. *Gasser, supra;* see also, *Saal v. United States,* 441 F.2d 272 (5 Cir.1971); *Weathington v. City of Birmingham,* 293 Ala. 652, 309 So.2d 430 (1975).

This appeal is dismissed as moot.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.