THIGPEN, Judge.
This is the second appeal of this case. See J.E.C., Jr. v. J.E.C., Sr. and T.C., 575 So.2d 592 (Ala.Civ.App.1991). There, this court reversed the trial court’s award of custody to the paternal grandparents. The trial court subsequently entered its order granting custody of this child to the natural father; however, while the ease was on appeal, the mother filed a petition seeking custody and asking for a court-ordered home evaluation. The father’s motion to strike that petition on the grounds that the matter was on appeal was denied. Subsequent to our opinion, the attorney for the paternal grandparents filed a petition seeking to transfer jurisdiction of the case to Escambia County, Florida, where the father, child, and paternal grandparents reside. The father joined in that motion to transfer. At the hearing, counsel for the Alabama Department of Human Resources concurred in the motion to transfer. The guardian ad litem offered no opinion regarding the transfer, and the mother offered no objection. The trial court denied the transfer and at the close of the proceedings, the mother’s motion to dismiss her custody petition was granted. The father appeals, asserting that the trial court erred in refusing to transfer jurisdiction to Florida and that the trial court erred in denying the father’s motion to strike the mother’s petition for custody. In view of the dismissal of the mother’s petition, the issue regarding that motion is moot and will not be addressed in this opinion. See State ex rel. Eagerton v. Corwin, 359 So.2d 767 (Ala.1977).
The dismissal of the mother’s custody petition renders the jurisdiction issue moot as there remains no justiciable controversy to be considered or transferred to any court. Alabama Nursing Home Association v. Alabama State Health Planning Agency, 554 So.2d 1032 (Ala.Civ.App.1989). Accordingly, this appeal must be dismissed. Eagerton, supra.
In view of the above, the appeal is dismissed.
DISMISSED.
ROBERTSON, P.J., and RUSSELL, J„ concur.