867 So.2d 1099 (2003)
Ex parte PROFESSIONAL BUSINESS OWNERS ASSOCIATION WORKERS' COMPENSATION FUND and Piknik Products Company, Inc.
(In re: Samson Addy, surviving dependent spouse of Annie Addy; et al. v. Professional Business Owners Association Workers' Compensation Fund and Piknik Products Company, Inc.)
1011786.
Supreme Court of Alabama.
April 25, 2003.
*1100 Joseph H. Driver and Bennett L. Pugh of Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C., Birmingham, for petitioners.
William P. Traylor III and M. Stan Herring of Yearout & Traylor, P.C., Birmingham, for respondents.
STUART, Justice.
This appeal arises from the death of Annie Bibb Addy. Annie Addy was an employee at Piknik Products Company, Inc. ("Piknik"), when she was murdered by a coworker, Richard Flowers. Professional Business Owners Association Workers' Compensation Fund ("Professional") and Piknik, which was subsequently dismissed from the action, brought the original claim in this action seeking a judgment declaring whether Annie Addy's death was work related.[1] Professional and Piknik asserted that Annie Addy's death was not work related and therefore was not compensable under the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975.
The record contains numerous affidavits, police statements, deposition testimony, and criminal trial testimony by various Piknik employees. Professional and Piknik filed a motion for a summary judgment and a motion to strike certain testimony on the ground that it was hearsay. The trial court denied the motion for a summary judgment as to Professional and dismissed *1101 Piknik as a defendant. Professional then filed a second motion for a summary judgment, which the trial court also denied. After a mistrial, Professional and Samson Addy, Annie Addy's surviving spouse, filed a joint motion to submit the case to the trial court based upon stipulated facts and the evidentiary materials previously submitted to the trial court.
Professional and Samson Addy stipulated that the sole issue before the trial court was whether Annie Addy's death was compensable under the Workers' Compensation Act. They also stipulated that there were no disputed questions of fact and that the single remaining issue was a question of law. Professional resubmitted its second motion for a summary judgment and Samson Addy resubmitted his response to Professional's second summary-judgment motion. Professional also resubmitted its motion to strike certain testimony as hearsay and Samson Addy resubmitted his response to the motion to strike. The evidence in support of the two motions incorporated the entire record from the first trial. The parties further stipulated to the admissibility of the deposition testimony of specific witnesses.[2] The trial court, without entering a detailed ruling, either oral or written, on the resubmitted motion to strike, issued an order finding that Annie Addy's death was not work related. In regard to the testimony Professional sought to exclude on hearsay grounds, the trial court stated: "Respondent[] attempt[s] to establish a potential causal connection by referencing certain statements that constitute hearsay, hearsay within hearsay, or which reflect speculation and lack of personal knowledge. This Court finds that such statements are not admissible, credible evidence." (Emphasis added.) Samson Addy appealed to the Court of Civil Appeals. Relying on facts in the record in addition to the trial court's findings, the Court of Civil Appeals reversed the trial court's judgment, holding that Annie Addy's death was not work related. Addy v. Professional Bus. Owners Ass'n Workers' Comp. Fund, 867 So.2d 1093 (Ala.Civ.App.2002). Professional petitioned this Court for a writ of certiorari, which we granted. We reverse the judgment of the Court of Civil Appeals because the holding of that court relied upon inadmissible evidence.

Issue and Analysis
The sole issue before this Court is whether in reversing the judgment of the trial court the Court of Civil Appeals improperly considered and relied upon evidence the trial court had determined was inadmissible. We specifically do not address whether that evidence was or was not admissible because Samson Addy did not raise this issue on appeal.
Generally, an appellate court is limited to considering only those issues raised on appeal. Harding v. Pierce Hardy Real Estate, 628 So.2d 461, 462 (Ala. 1993). The failure to raise an issue on appeal is the equivalent of waiving the issue. 628 So.2d at 462. Samson Addy did not raise in his appeal to the Court of Civil Appeals the issue of the admissibility of that evidence the trial court did not include in its findings of fact. That issue was therefore waived, and it was not properly before the Court of Civil Appeals. He has likewise not raised that issue before this Court.
*1102 In a workers' compensation case, the Court of Civil Appeals reviews the "standard of proof ... and other legal issues without a presumption of correctness." § 25-5-81(e)(1), Ala.Code 1975. A trial court's judgment in a workers' compensation case based on pure findings of fact will not be reversed if it is supported by substantial evidence. § 25-5-81(e)(2), Ala. Code 1975. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see also Ex parte Trinity Indus. Inc., 680 So.2d 262, 269 (Ala.1996); Ceasco, Inc. v. Byrom, [Ms. 2010541, Nov. 15, 2002] ___ So.2d ___ (Ala Civ.App.2002). Therefore, in such a case the appellate court must view the facts in the light most favorable to the findings of the trial court. Ceasco; Whitsett v. BAMSI, Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994), overruled on other grounds by Ex parte Trinity Indus., supra.
As previously noted, when Professional submitted its case to the trial court after the first trial had ended in a mistrial, Professional resubmitted its motion to strike certain testimony on hearsay grounds. The record is not clear as to what evidence the trial court held to be inadmissible on that basis. However, the trial court did provide findings of fact in its order, and it stated that evidence that constituted hearsay and speculation was not admissible. Comparing the statements Professional sought to strike with the facts as determined by the trial court, we conclude that the trial court held admissible only the evidence it incorporated into its findings of fact.
The trial court's judgment shall not be reversed if its findings of fact are supported by substantial evidence. The trial court excluded from its findings specific testimony that it found to be inadmissible hearsay. While the trial court did not specifically state which testimony was hearsay, the fact that it excluded certain testimony from its findings of fact is evidence of the inadmissibility of the testimony. Because in a workers' compensation case we must view the facts in the light most favorable to the findings of the trial court, we conclude that the trial court's findings of fact included all admissible evidence and that they excluded all inadmissible hearsay. Additionally, the trial court's findings of fact are supported by substantial evidence.
The main opinion of the Court of Civil Appeals includes and relies upon facts and testimony from the record the trial court, by its intentional exclusion of the testimony from its findings of fact, found inadmissible. It was improper for the main opinion of the Court of Civil Appeals to consider, and to base its opinion upon, evidence the trial court determined was inadmissible, when Samson Addy failed to assert as error on appeal the inadmissibility of the evidence. Therefore, we conclude that it was error to consider evidence excluded by the trial court and not properly before the Court of Civil Appeals.

Conclusion
For the foregoing reasons, we reverse the judgment of the Court of Civil Appeals and remand this case with directions that the Court of Civil Appeals affirm the judgment of the trial court.
REVERSED AND REMANDED WITH DIRECTIONS.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, and HARWOOD, JJ., concur.
*1103 WOODALL, J., concurs in the result.
JOHNSTONE, J., dissents.
JOHNSTONE, Justice (dissenting).
I respectfully dissent for two reasons. First, the standard of review applied by the main opinion is not applicable to this particular case in that the judgment of the trial court is not based on ore tenus evidence but is, rather, based on the parties' stipulation of facts and submission of written evidentiary materials.
"When the trial court receives ore tenus evidence in a workers' compensation action, its findings of fact based on that testimony are entitled to a presumption of correctness on appeal, and will not be disturbed on appeal absent a determination that those findings are unsupported by substantial evidence. § 25-5-81 (e)(2), Ala.Code 1975. However, when the trial court hears no oral testimony, and the evidence presented to the trial court consists of stipulations, depositions, and exhibits, the ore tenus rule does not apply. McGhee v. International Paper Co., 729 So.2d 880 (Ala. Civ.App.1999). Further, pursuant to § 25-5-81(e)(1), Ala.Code 1975, this court's review of the trial court's judgment with respect to the undisputed facts and with regard to purely legal issues is afforded no presumption of correctness on appeal. § 25-5-81(e)(1), Ala.Code 1975; McGhee, supra."
Holy Family Catholic School v. Boley, 847 So.2d 371, 374 (Ala.Civ.App.2002). Accord McGhee v. International Paper Co., 729 So.2d 880 (Ala.Civ.App.1999).
Second, this Court infers too much from the statement in the trial court order to the effect that "certain statements [in the respondents' submissions] that constitute hearsay, hearsay within hearsay, or which reflect speculation and lack of personal knowledge," "are not admissible, credible evidence." This Court cannot rightly infer from this statement that the trial court held that all of the respondents' evidence not recited in the order was inadmissible on these grounds.
While some of the evidence may consist of an affiant's or deponent's account of the out-of-court declarations of another person, much of such evidence is obviously permitted by Rules 801 through 805 of the Alabama Rules of Evidence. The order of the trial court does not find or hold otherwise.
The record contains ample evidence that supports the conclusions of the Court of Civil Appeals and that does not incur any of the exclusionary rules cited by the trial court. The Court of Civil Appeals correctly concluded that the trial court should have found that Flowers murdered Annie because she had complained to his superior about his job performance in their mutual employment with Piknik.
NOTES
[1] The respondent in Piknik and Professional's declaratory-judgment action was Samson Addy, the surviving spouse of Annie Bibb Addy, and Samson's and Annie's minor children.
[2] The parties stipulated that the depositions of the following individuals were admissible: James Edward Windham, Karen Hardt Branton, Albert Love, Herb Jordan, Tina Broughton, Thomas Scofield, Derrick Cunningham, Abby Walker Fleming, and Charles R. Caraway.