THOMAS, Judge.
Jacqueline Keith petitions this court for a writ of mandamus directing the Tallapoo-sa' Circuit Court to set aside its January 15, 2015, order that denied her request to proceed informa pauperis.
. According to the materials submitted,for our. review, the Alexander City Housing Authority (“the housing authority”) initiated in. the Tallapoosa District Court (“the district court”) an unlawful-detainer action against Keith, pursuant to § 6-6-310, Ala. Code 1975, on October 27, 2014. On December 10, 2014,. the district court entered an order evicting Keith from her residence.
Keith, ácting pro se, filed a notice of appeal in the Tallapoosa Circuit Court (“the circuit court”). On'December 23, 2014, Keith moved to proceed in forma pauperis and filed an affidavit of substantial hardship in which she indicated that she received government" assistance- in the forms of food stamps and Medicaid benefits and that she earned a monthly gross income of $1,200; the circuit court denied her request- to proceed in forma pauperis on January 15, 2015. On January 29, 2015, Keith, who was then represented by an attorney, filed a second affidavit of substantial hardship that indicated that she received “assistance benefits” in the forms of food stamps and Medicaid benefits but that she earned no monthly income. Keith attached a motion seeking reconsideration of the January 15, 2015, order denying her request to proceed in forma pauperis, asserting that she had no income, that she had no assets, and that her “income meets the federal court standard for an affidavit *569 of hardship.” On February 4, 2015, Keith filed a second motion seeking reconsideration of the January 15, 2015, order, asserting that in the first affidavit of substantial hardship she had incorrectly indicated that her “public benefits” were income.
On February 5, 2015, Keith filed this petition for the writ of mandamus in which she argues to this court that the circuit court, by denying her request to proceed in forma pauperis, deprived her of her right to due process and violated § 12-19-70(b), Ala.Code 1975.[1] On February 9, 2015, Keith filed a motion in this court seeking an order allowing her to proceed in forma pauperis and seeking a stay of the district court’s eviction order. On February 11, 2015, this court granted the Keith’s request to proceed in forma' pau-peris, but we denied her motion seeking a stay of the , eviction order. Thereafter, Keith vacate# her residence. Meanwhile, on February 9, 2015, the housing áuthority filed a motion in the circuit court seeking a dismissal of Keith’s appeal of the district court’s judgment. That same day, the circuit court dismissed Keith’s appeal because Keith, by failing to pay the requisite fees, had failed to perfect the appeal.
“A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000). A writ of mandamus may not be issued to control or review the exercise of discretion, except in a case of abuse. Ex parte Auto-Owners Ins. Co., 548 So.2d 1029, 1030 (Ala.1989).”
Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala.2001).
 Because this court' did not stay the execution of the district court’s judgment ordering Keith’s eviction, Keith was evicted. The underlying unlawful-detainer action is no longer in controversy; the action is now moot.
“ ‘A case is moot when there is no real controversy and it seeks to determine an abstract question which does not rest on existing facts or rights.’ State ex rel. Eagerton v. Corwin, 359 So.2d 767, 769 (Ala.1977).
“ ‘ “The general rule is, if[,] pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal may be dismissed!... The condition may ... arise from the act of the court a quo, that is to say, from some order or judgment in the case pending the appeal, which is made by the court, which renders the determination of the questions presented by the appeal unnecessary.” ’
“Siegelman v. Alabama Ass’n of Sch. Bds., 819 So.2d 568, 575 (Ala.2001) (quoting Caldwell v.. Loveless, 17 Ala. App. 381, 382, 85 So. 307, 307-08 (1920) (emphasis omitted)); see also Eagerton, 359 So.2d at 769 (‘[W]hen an event occurs which renders a case moot prior to this court considering the[1] appeal it will be dismissed because a decision is not necessary.’’ (citations omitted)). This saíne principle holds with regard to petitions for the writ of mandamus. See, e.g., Ex parte St. John, 805 So.2d 684, *570 686 (Ala.2001) (‘To the extent that the petitioner seeks relief requiring the trial judge to grant the petitioner’s motion to proceed in forma pauperis in the trial court ... the petition for writ of mandamus is moot, ... because the trial judge has by now granted the motion.’).”
Ex parte Novartis Pharm. Corp., 991 So.2d 1263, 1271 (Ala.2008).
Because the underlying action is now moot, Keith has failed to demonstrate a clear legal right the relief she seeks; therefore, we deny Keith’s petition for a writ of mandamus.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Section 12 — 19—70(b) provides, in its entirety:
"The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee jvill constitute a substantial hardship, A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court.”