Rel: August 23, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

_____

## SC-2023-0902

_____

## Ex parte Ann Martin

## PETITION FOR WRIT OF MANDAMUS

## (In re: Estate of Patricia Martin, an incapacitated person, by and through her guardian, conservator, and next friend, Phillip Williams

## v.

## Ann Martin)

## (Etowah Circuit Court: CV-23-900129)

PARKER, Chief Justice.

Ann Martin petitions this Court for a writ of mandamus directing

the Etowah Circuit Court to quash its writ of restitution or possession by which she was evicted from her home. We dismiss the petition.

Facts

On an unknown date, Patricia Martin purchased a house located next door to her house in Gadsden. Patricia's daughter, Ann Martin, assisted in the purchase with $30,000 of her own money. Ann allegedly had an oral agreement with her parents that she would live in the house to be near them and assist them as their ages advanced. Ann lived in the house without a lease and without paying any rent until 2023. She allegedly assisted with the care of her father until his death and assisted with the care of her mother until October 2023.

In 2021, Patricia was adjudicated incapacitated. Phillip Williams was appointed as her guardian and conservator. In June 2022, Williams repeatedly and unsuccessfully requested that Ann enter into a residential lease agreement for the house. In 2023, Williams sued Ann on Patricia's behalf in his capacity as Patricia's guardian, conservator, and next friend, asserting claims for ejectment and damages for waste, loss of income, and fraud. After some time and litigation, Williams moved for, and the circuit court granted, a partial summary judgment as to the claim

for ejectment and immediate possession. The circuit court did not adjudicate any of the claims for damages that were before it.

On October 25, 2023, the circuit court issued a writ of restitution or possession to the Sheriff of Etowah County, directing him to evict Ann. Ann filed a motion for an extension of time on October 26, but the circuit court denied it, and Ann was evicted on October 27. On November 15, Ann filed a motion to quash the writ of restitution or possession. The circuit court denied that motion. Ann petitioned this Court for mandamus review on December 5, 2023. She did not file any motion to stay the litigation during the pendency of her petition before this Court.

Because Ann did not file any motion to stay litigation during the pendency of her petition, the lawsuit proceeded in the circuit court. After Ann filed her petition, Williams petitioned the circuit court for leave to sell the house. The circuit court granted that petition, and Williams sold the house as part of a larger property sale on June 28, 2024. On July 11, 2024, Williams, on Patricia's behalf, filed in this Court a motion to dismiss Ann's petition on the ground that it is moot.

Standard of Review

3

> "'[M]andamus is an extraordinary remedy and requires a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court."'"

Ex parte Inverness Constr. Co., 775 So. 2d 153, 156 (Ala. 2000) (citations omitted). However, this Court may not grant a petition seeking the extraordinary writ of mandamus if the issue raised is moot. Ex parte Merrill, 264 So. 3d 855, 861 (Ala. 2018); see also Arrington v. State ex rel. Parsons, 422 So. 2d 759, 760 (Ala. 1982) ("This Court has often said that, as a general rule, it will not decide questions after a decision has become useless or moot.").

## Discussion

Williams filed a motion to dismiss, alleging that the controversy has been rendered moot by the sale of the house. He argues that, because Ann can no longer be restored to possession of the house, this Court cannot reach the merits.

"A case is moot when there is no real controversy and it seeks to determine an abstract question which does not rest on existing facts or rights." State ex rel. Eagerton v. Corwin, 359 So. 2d 767, 769 (Ala. 1977).

4

> "'"The general rule is, if[,] pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal may be dismissed. ... The condition may ... arise from the act of the court a quo, that is to say, from some order or judgment in the case pending the appeal, which is made by the court, which renders the determination of the questions presented by the appeal unnecessary."'"

Siegelman v. Alabama Ass'n of Sch. Bds., 819 So. 2d 568, 575 (Ala. 2001) (quoting Caldwell v. Loveless, 17 Ala. App. 381, 382, 85 So. 307, 307-08 (1920)) (emphasis omitted); see also Corwin, 359 So. 2d at 769 ("[W]here an event occurs which renders a case moot prior to this court considering the appeal it will be dismissed because a decision is not necessary."). Mootness principles apply in mandamus proceedings. See, e.g., Ex parte Hall, 326 So. 3d 1044, 1045 (Ala. 2020) (dismissing as moot a mandamus petition filed after the circuit court had vacated the order at issue); Ex parte Merrill, 264 So. 3d at 861 (holding that a mandamus petition was moot as to a preliminary injunction regarding an election that had already occurred); Ex parte Novartis Pharms. Corp., 991 So. 2d 1263, 1271 (Ala. 2008) (dismissing as moot a mandamus petition after the petitioner challenging a consolidation order received a separate trial).

5

Ann's petition challenges only the writ of restitution or possession issued by the circuit court. She does not challenge the underlying partial summary judgment on the ejectment claim. Even if this Court were to decide that the writ of restitution or possession was unlawful, we would be unable to accord Ann any relief on that ground. We cannot reverse the partial summary judgment or the subsequent order granting the petition to sell the property because neither of those orders, which could be properly challenged on appeal, have been challenged in Ann's petition. Ex parte Professional Bus. Owners Ass'n Comp. Fund, 867 So. 2d 1099, 1101 (Ala. 2003) (noting that, "[g]enerally, an appellate court is limited to considering only those issues raised on appeal").

In response to the motion to dismiss, Ann makes three main arguments: (1) that, even though the house has been sold, she is still entitled to damages for the violation of her alleged right to remain in possession of the house until she has been paid for the cost of her improvements; (2) that the sale of the house was invalid and is nonfinal; and (3) that the case is not moot because the sale of the house falls within the exception to mootness generally recognized by this Court in cases in which the conduct complained of is capable of repetition but evading

6

review. She requests that this Court declare the writ of restitution or possession invalid and direct the circuit court to hold a hearing to determine her damages for her allegedly wrongful eviction.

Ann's first argument is unconvincing. To the extent that this Court still has jurisdiction to declare the writ of restitution or possession invalid, that question is a mere "abstract question <u>which does not rest on existing facts</u> or rights." <u>Corwin</u>, 359 So. 2d at 769. As already noted, even if we were to declare the writ invalid, we could accord Ann no relief on that basis.

Ann argues next that the sale of the house is invalid and nonfinal. The sole question raised in Ann's petition was whether the writ of restitution or possession was lawful. Whether the circuit court's subsequent order allowing the house to be sold was lawful is another question, one that has not been asked of us at this time. We therefore cannot consider this argument unless and until the order allowing the sale is challenged on appeal. <u>Ex parte Professional Bus. Owners</u>, 867 So. 2d at 1101.

Ann's last argument, that the capable-of-repetition-but-evading-review mootness exception applies here, is likewise unconvincing. This

7

exception "'has been applied in contexts that generally involve a significant issue that cannot be addressed by a reviewing court because of some intervening factual circumstance, most often that the issue will be resolved by the passage of a relatively brief period of time.'" Veitch v. Friday, 314 So. 3d 1232, 1236 (Ala. 2020) (quoting McCoo v. State, 921 So. 2d 450, 458 (Ala. 2005)). However, the situations that fit this exception are those that necessarily end within a brief period, not situations that merely happen to do so. Aliant Bank v. Carter, 197 So. 3d 981, 988 (Ala. 2015). Although the situation in this case -- Ann's eviction followed by the sale of the house -- happened to end within a brief period, it was not necessarily bound by its nature to do so. Therefore, the exception to the mootness doctrine does not apply.

Because Ann did not move to stay the underlying litigation, the house was sold. The writ of restitution or possession is therefore no longer in controversy, and Ann's petition is moot. Therefore, Ann has failed to demonstrate a clear legal right to the relief she seeks.

## Conclusion

Based on the foregoing, we dismiss the petition.

PETITION DISMISSED.

Wise, Bryan, Mendheim, Stewart, Mitchell, and Cook, JJ., concur.

Shaw and Sellers, JJ., concur in the result.