RUSSELL, Judge.
In October 1989 the State of Alabama ex rel. S.W. (child) filed a complaint seeking an adjudication of paternity and seeking child support, alleging that L.F. is the father of the child, who was born April 6, 1980. The state’s motion for an HLA blood test was granted, and L.F.’s motion to dismiss was denied. After a hearing the district court entered an order finding that L.F. is the father of the child and ordering that he pay $451.12 per month for child support.
L.F. filed a notice of appeal to the circuit court and demanded a jury trial. Following the trial the jury found L.F. to be the father of the child. The trial court adjudicated him as the father and ordered that he pay $250 per month child support, $4,000 arrearage to H.W. (mother), and $470 to the state. L.F. filed a “motion for new trial and/or judgment notwithstanding the verdict.” Following a hearing the motion was denied, and L.F. appeals. We affirm.
The record reveals that during an earlier trial in 1980, the mother testified that she had intercourse with a man other than L.F. during the time of conception and that an order entered by a referee at that time stated that the mother admitted to being with two other men around the time of conception. L.F. was found not to be the father.
In the present matter the mother testified that she was afraid that her testimony that L.F. was the father would cause L.F. to lose his medical license, that she was afraid of him, and that she lied about having intercourse with other men. She stated that she did not have intercourse with anyone other than L.F. during the time of conception. She also stated that the child was carried to full-tei*m and weighed eight pounds and nine ounces at birth and that she had always known that L.F. was the father. She claimed that L.F. told her that he would help her take care of the baby and that when he denied his paternity during the earlier court proceeding, she was shocked.
The director of the Immunogenetics DNA Diagnostics Laboratory testified that the test results showed that the probability of L.F. being the child’s father is 99.96%.
L.F. called a witness who testified that he saw the mother having a sexual relationship with L.F.’s son, who is now deceased. The state objected to the testimony because that information had not been provided in response to interrogatories. Although L.F. stated in his answers to interrogatories that he did not know the name and address of others that had had intercourse with the mother at the time of conception but that he would supplement with the information when it was known, that information was not provided.
The trial court further heard testimony from a process server, who gave testimony showing that the witness had avoided service of a subpoena that would have required the witness to attend his own deposition. The trial court then instructed the jury to ignore the testimony of the witness and did not allow another witness to testify, who, L.F.’s attorney stated, would testify to the mother’s sexual intercourse with an unknown man.
L.F. first contends that the trial court erred by refusing to dismiss the complaint *643 because the mother stated in a prior proceeding that she had intercourse with other men and because the state did not join the other men as parties in this proceeding, even though L.F. alleged that one of the other men is the father. He claims that pursuant to § 26-17-11, Ala.Code 1975, each man alleged to be the natural father must be made a party or, if not subject to the court’s jurisdiction, shall be given notice of the action in a manner prescribed by the court and an opportunity to be heard. Citing J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834 (Ala.1981), he further claims that it is the state’s duty as plaintiff to join anyone required to be joined as a party and that it is obvious that the mother slept with at least three other men around the time of conception.
In the present case the mother has denied having intercourse at the time of conception with anyone other than L.F. and has not alleged that anyone else is the natural father. Therefore, there is no one else to join as a party or to whom to give notice. In addition, because the mother denied that there were any other men with whom she had intercourse, there was no one whom she was required to join as a party. Therefore, we find no merit to L.F.’s argument.
L.F. next contends that the trial court erred by excluding eyewitness accounts of the mother’s sexual activity close to the time of conception. He points to § 26-17-13(c), Ala.Code 1975:
“In an action against an alleged father, evidence offered by the alleged father with respect to another man who is not subject to the jurisdiction of the court concerning his sexual intercourse with the mother at or about the probable time of conception of the child is admissible in evidence only if the alleged father has undergone and made available to the court blood tests the results of which do not exclude the possibility of the alleged father’s paternity of the child. A man who is identified and is subject to the jurisdiction of the court shall be made a defendant in the action.”
Because he underwent blood tests and was not excluded, L.F. claims that the trial court erred in excluding his offered eyewitness accounts of the mother’s acts of intercourse.
The state responds by saying that § 26-17-13(c) does not address the situation where men who are alleged to be subject to the jurisdiction of the trial court are not identified. It further says that, because L.F. failed to supplement or to amend his response to interrogatories, as required by Rule 26(e), Alabama Rules of Civil Procedure, the trial court did not err.
Rule 26(e) provides as follows:
“(e) Supplementation of Responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
“(1) A party is under a duty seasonably to supplement his response with respect to ■ any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters, and (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.
“(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.
“(3) A duty to supplement responses may be imposed by order of the court, agreement of the parties, or at any time prior to trial through new requests for supplementation of prior responses.”
(Emphasis supplied.)
In the present ease the evidence indicates that, in response to a question regarding the names and addresses of persons who L.F. claimed had sexual intercourse with the mother between July 15, 1979, and September 15, 1979, L.F. stated that he did not know but would “supplement when known.” In addition, the witness who testified regarding the alleged sexual acts of the mother with another man gave a different address than that given in the interrogatories. Evidence *644 also indicated that the witness avoided the process server who approached him to serve the witness with a subpoena for his deposition and that the witness was well aware that he was being sought for that purpose.
L.F. did not supplement his answers to the interrogatories either with the information as to those he planned to claim had had sexual intercourse with the mother or with the correct address of the witness, as required by Rule 26(e). He claims that supplementation was not necessary because he was claiming that the sexual act occurred on July 7 and 8, 1979, prior to the dates given in the interrogatory.
The trial court has broad and considerable discretion in controlling the discovery process and in ruling on.matters pertaining to discovery. Iverson v. Xpert Tune, Inc., 553 So.2d 82 (Ala.1989). Rooted in the common law is the trial court’s authority to impose reasonable and appropriate sanctions for failure to comply with discovery. Id. The choice of discovery sanctions is within the discretion of the trial court and will be disturbed on appeal only when there is gross abuse of discretion. Id.
Although L.F. claims that supplementation of the interrogatories was not necessary because the witnesses would testify to sexual intercourse on dates prior to the dates stated in the interrogatories, he answered “yes” to the interrogatory asking whether he would claim that other people had engaged in intercourse with the mother between July 15, 1979, and September 15, 1979, and he stated that he would supplement with the names and addresses when known. The trial court could have determined that the earlier answers were the correct ones or simply that the rules of discovery should be broadly and liberally construed. Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228 (Aa.1978). The trial court is vested with judicial discretion in the discovery process, and the question on review is whether, under all the circumstances, the trial court has abused this discretion. Id. It is unusual to find abuse of this discretion. Id.
Rule 26(e) states that a party responding to discovery is under a duty to supplement his response to questions regarding the identity and location of persons having knowledge of discoverable matters. The party is also under a duty to amend a prior response if he knows the response was incorrect when made or, although correct when made, is no longer correct. The duty to supplement may also be imposed by agreement of the parties. Here L.F. had the duty to supplement his answer, as he had agreed to do with the information regarding those he claimed had had sexual relations with the mother, and to correct the addresses of the witnesses. See Electrolux Motor AB v. Chancellor, 486 So.2d 414 (Aa.1986). We hold that these insufficiencies, in addition to the evidence that one of the witnesses purposely avoided service of process, evidencing a possible knowing concealment, were evidence that supports the trial court’s ruling that L.F.’s witnesses could not testify. Therefore, we hold that the trial court did not abuse its discretion.
Based on the above, the trial court’s judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.