CRAWLEY, Judge.
Pam Turnbow (the “worker”) filed a complaint for workmen’s compensation benefits against Jack’s Restaurant (the “company”). The worker alleged that she was injured in November 1990 and in December 1991,[1] in the. line and scope of her employment, and that she suffered a permanent total disability. Following ore tenus proceedings, the trial court found that the worker was permanently totally disabled and awarded benefits accordingly. The company appeals.
The company argues two issues on appeal: (1) whether the trial court erred in not ordering the worker to submit, three weeks before trial, to an evaluation by the company’s vocational expert, and, (2) whether a letter from the worker’s vocational expert to the trial court, after the trial, improperly influenced the trial judge. The company does not dispute the trial court’s finding that the worker was permanently totally disabled.
*574 First, the company argues that the trial court erred in refusing to order the worker to submit to a vocational evaluation requested by the company three weeks before trial. We disagree.
The worker was injured in November 1990 and in December 1991. The worker filed her complaint in July 1992, and the company filed an answer in April 1993. The company was granted two continuances on the grounds that discovery had not been completed. The first continuance was granted in July 1993, and the second was granted in October 1993, at which time trial was set for February 4, 1994. On that date, both parties announced that they were ready for trial, but because the trial court could not reach the case, both parties agreed for trial to be specially set for April 5, 1994. Two weeks before that date, the company filed a motion to require the worker to submit to a vocational evaluation or, in the alternative, for another continuance. The company’s motion was not set for hearing, and on the day of trial the company asked the trial judge to consider the motion, which it denied, stating, “The case was filed July 31, 1992. I deny your motion. Motion was filed March 29, 1994.” The company knew as early as July 1993 that the worker intended to use a vocational expert at trial.
“It is well settled that the Rules on deposition and discovery are to be broadly and liberally construed. [Cole v. Cole Tomato Sales, Inc., 293 Ala. 731, 310 So.2d 210 (1975) ]. Rule 26(c), [AR.Civ.P.], recognizes, however, that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. See Campbell v. Eastland, 307 F.2d 478 (5th Cir.1962); and DeLong Corp. v. Lucas, 138 F.Supp. 805 (S.D.N.Y.1956). The Rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. Campbell v. Regal Typewriter Co., 341 So.2d 120 (Ala.1976). An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters. Swanner v. United States, 406 F.2d 716 (5th Cir.1969); Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir.1958); Ex parte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (1967); and 35A C.J.S. Federal Civil Procedure §§ 532, 592.”
Assured Investors Life Ins. Co. v. Nat’l Union Associates, Inc., 362 So.2d 228, 231-32 (Ala.1978) (footnote omitted).
We hold this ruling by the trial court was not in error. Second, the company contends that a letter written to the trial judge after the trial and before the filing of the judgment improperly influenced the trial judge. We disagree.
At the close of the evidence, the trial judge requested the worker’s vocational expert to summarize, for the court, the deposition of the worker’s neurosurgeon. However, after the company objected, on the basis that it would be denied the opportunity of cross-examination, the trial judge announced, “Well, I can go with what I’ve got.” However, the expert did submit a summary of the neurosurgeon’s deposition. In its post-judgment motion, the company argued that the trial court improperly considered the summary in making its judgment.
The company contends that the trial judge used the information in the summary as a basis for his judgment rather than the deposition testimony of the worker’s neurosurgeon, which the company contends was never introduced into evidence. However, we hold that the deposition was properly before the trial court. Before presenting testimony, the company stated it would offer the deposition into evidence, but it argues on appeal that it was never accepted into evidence by the trial judge.
“The mere fact that appellee did not make the stereotyped proffer of introducing the [deposition] in evidence could not result in prejudicial error because the court considered it. It was presented in open court ... and was noted as evidence. It was referred to and inspected by the witnesses who testified regarding it. This, *575 together with the agreement of counsel above, satisfied the requisites for admissibility and consideration by the court. The tenor of its proffer was immaterial. It was presented in open court and became evidence — the fact it imported — when properly identified and exhibited before the court. Kabase v. State, 31 Ala.App. 77, 12 So.2d 758, 764 (12).”
Whitlow v. Moore, 246 Ala. 472, 475, 21 So.2d 253, 255-56 (1945).
The following occurred while the parties were stipulating to certain facts prior to commencement of testimony:

“BY MR. McCLENDON:

“Can we stipulate to Dr. Hrynkiw’s minimum degree of disability?

“BY THE COURT:

“What did he say?

“BY MR. RICHARDSON:

“He gave twelve percent to the body as a whole. Judge, I’m going to offer his deposition and it will be in there.

“BY THE COURT:

“Well, you better underline it.
[[Image here]]

“BY THE COURT:

“Let’s go. We’re taking longer to stipulate than it takes to prove some of this stuff.

“BY MR. RICHARDSON:

“Judge, I’m going to offer Dr. Hrynkiw’s deposition.”
The worker testified on direct and cross-examination to her surgery, treatment, and medication, and to statements by her neurosurgeon. On cross-examination, the company brought out evidence as to the neurosurgeon’s assessment of her disability and, in an argument about whether certain medical bills were related to the accident as testified to by the neurosurgeon in his deposition, the company’s attorney stated “Judge, the record will reveal what it reveals.” The worker’s vocational expert testified to reading the neurosurgeon’s medical records, which included physical restrictions placed on the worker by her neurosurgeon. On cross-examination of the worker’s vocational expert, the company again asked the witness about the neurosurgeon’s impairment rating to the body as a whole. Based on the assurances of the company that the neurosurgeon’s deposition would be offered into evidence, the case was tried on that assumption, and the party making that assurance to the court, without objection to references to the deposition or notice that it would not offer the deposition in evidence, cannot now complain. The testimony of the worker’s vocational expert, which included reference to the neurosurgeon’s medical records, without objection, supplied the trial court with sufficient information to support its judgment. Even if the trial court erred in allowing the worker, after trial, to correct the record to include the neurosurgeon’s deposition, the admission of the deposition is, at most, harmless error, because other legal evidence supports the trial court’s judgment. Rule 45, A.R.App.P.
Finally, the judgment refers to the neurosurgeon’s deposition. The company filed no motion with the trial court alleging any improper use of this deposition by the court when it was entering its judgment. This court will not entertain arguments not advanced at the trial level. Blackmon v. R.L. Zeigler Co., 390 So.2d 628 (Ala.Civ.App.1980), cert. denied, Ex parte Blackmon, 390 So.2d 635 (Ala.1980). Matters raised on appeal must have been presented to the trial court at some stage. Rule 4(a)(3) and Committee Comments thereto, A.R.App.P.
Because the trial judge stated that he would proceed without the summary and there is no indication in the judgment that the trial court referred to the summary, the company has failed to show that the summary influenced the decision of the trial court.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.

. This case is governed by the Workmen’s Compensation Act, Ala.Code 1975, § 25-5-1 et seq., as it read before the amendments effective May 19, 1992.