Mark Blackman sued his employer, Gray Rider Truck Lines, Inc., and the third-party adjuster handling its workers' compensation *Page 700 
claims, Southern Risk Services, Inc., seeking workers' compensation benefits for an alleged on-the-job injury. Blackman also sought damages on a claim of retaliatory discharge.
On May 28, 1997, the trial court entered a summary judgment in favor of Gray Rider and Southern Risk on Blackman's retaliatory discharge claim and certified that judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. After a hearing on Blackman's workers' compensation claim, the trial court entered a judgment in favor of Gray Rider and Southern Risk. Blackman's subsequent motion for a new trial was denied. Blackman appeals from the summary judgment entered on his retaliatory discharge claim and also from the judgment denying him workers' compensation benefits.
Blackman, who has proceeded pro se both at the trial level and on appeal, worked as a truck driver for Gray Rider. He claims that he injured his back on September 17, 1994, while delivering a load of freight to Marrero, Louisiana. According to Blackman, he backed his truck up to the loading dock, pulled his brake, then started to step down out of the truck. However, he said, the truck rolled back and "slammed" into the dock, throwing him off to the side. Blackman also said that he telephoned Gray Rider the day of the accident and reported what had happened.
Although Blackman said there were people on the loading dock at the time of the accident, he could not produce any witnesses to the accident. There was no damage to the truck or to the loading dock, and no one reported the alleged accident to the dock manager.
Gray Rider said it had no knowledge of an accident involving Blackman until his parole officer called to verify Blackman's statements regarding his absence from work. Gray Rider told the probation officer that Blackman had failed to return to work after making his delivery to Louisiana, but that it was unaware of an accident or injury.
The standard of review this court must apply in this case is derived from § 25-5-81(e)(1), Ala. Code 1975, which provides: "In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness." Furthermore, the Workers' Compensation Act provides that "in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence." § 25-5-81(e)(2). The Alabama Supreme Court has defined "substantial evidence" as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989); Ex parte Trinity Industries, Inc.,680 So.2d 262, 268 (Ala. 1996).
Blackman argues that the trial court erred in denying him workers' compensation benefits. His argument in this regard is general, and he provides no specific reason as to how he believes the court erred in denying him benefits. The record shows that while Blackman said he was injured in an on-the-job accident, he could not present any other evidence that the alleged accident had actually occurred. Blackman said people were on the loading dock when his truck hit it, yet he could not produce one witness from the loading dock to corroborate his claim. There was no physical evidence on either the truck or the loading dock indicating that the truck had hit the dock, despite Blackman's assertion that the truck "slammed" into the dock with such force that it threw him from the truck onto the ground. We are mindful that the Workers' Compensation Act is to be liberally construed to accomplish its beneficent purposes, and that doubts must be resolved in favor of the employee.Scott Paper Co. v. Smith, 600 So.2d 269 (Ala.Civ.App. 1992). However, "a trial court's factual findings based upon conflicting ore tenus evidence will not be disturbed on appeal unless such findings are clearly erroneous or manifestly unjust." Webb Oil Co. v. Holmes, 660 So.2d 1316, 1319
(Ala.Civ.App. 1995). It is the duty of the trial court, which had the opportunity to observe the witnesses and their demeanor, and not the appellate court, to weigh the evidence presented.Id. *Page 701 
To recover workers' compensation benefits, a claimant must prove legal causation, i.e., he must show that an accident arose out of and in the course of employment. § 25-5-31, Ala. Code 1975; Grider v. McKenzie, 659 So.2d 612
(Ala.Civ.App. 1994). Once legal causation is proved, the claimant must establish that the accident caused the injury for which recovery is sought. Ex parte Moncrief, 627 So.2d 385, 388
(Ala. 1993).
The evidence was disputed, with Blackman contending that he was injured in an on-the-job accident and Gray Rider maintaining that there was no evidence, other than Blackman's testimony, that such an accident had even occurred. The trial court found that Blackman had made "significant false statements" regarding whether there had been an accident, and noted in its order that there were numerous discrepancies between Blackman's deposition testimony and the testimony he gave at trial. After reviewing the evidence in this case, we cannot say that the trial court erred in finding that Blackman had failed to sustain his burden of proof and that, therefore, he was not entitled to recover workers' compensation benefits.
Blackman contends that the trial court denied him his right to submit medical records to support his claim. At trial, Blackman attempted to submit copies of what he said were his medical records, but those copies were not certified or otherwise properly authenticated. The trial court questioned Blackman about whether he had deposed the doctor who examined him or whether he had any other means by which to authenticate the records, but Blackman could not authenticate them.
In Alabama, medical records are admissible at trial if the proper predicate has been laid. Nash v. Cosby, 574 So.2d 700
(Ala. 1990). In this case, no predicate of any kind had been laid. Because the records were not authenticated, they were inadmissible hearsay. Chatham v. CSX Transp., Inc.,613 So.2d 341 (Ala. 1993). Therefore, the trial court did not err in refusing to admit Blackman's proffered medical records.
Blackman also claims that the trial court denied him his right to take depositions. The record shows that Blackman had noticed the depositions twice and that both times, although the defendants presented themselves for depositions, Blackman did not appear. The trial court has considerable discretion in controlling the discovery process and in ruling on matters pertaining to discovery. L.F. v. State ex rel. S.W.,629 So.2d 641 (Ala.Civ.App. 1992). We conclude that the trial court did not abuse its discretion in holding that Blackman had waived his right to take the depositions.
Blackman contends that the trial court erred in ordering him to take the witness stand over his objection. In support of his argument, Blackman cites law regarding a witness's right to be protected from improper questioning. Further, he claims that he made numerous objections during the trial but that his objections do not appear in the record. He also seems to be irritated that the defendants' representatives stayed in the courtroom during the trial; however, the record shows that he did not object at trial.
Blackman's argument regarding having to testify is unclear. The record does not indicate that Blackman was reluctant to testify or that he objected when defense counsel cross-examined him. The record does not support Blackman's contention that the trial court ordered him to take the witness stand over his objection. The law is well settled that this court will not consider issues raised for the first time on appeal.Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala. 1992); Owens v.National Bank of Commerce, 608 So.2d 390 (Ala. 1992).
Blackman maintains that the trial court erred in admitting evidence of his probation violations because, he says, they are not crimes of moral turpitude. It is true that probation violations are not "crimes" and that evidence of them is inadmissible if the purpose of that evidence is simply to show that a crime had been committed. Favor v. State, 389 So.2d 556
(Ala.Crim.App. 1980). However, Blackman's list of probation violations was properly admitted because it was used to impeach his earlier testimony that he had only two or three probation violations "at the most" and his flat denial of the rest. *Page 702 
"Impeaching testimony is designed to discredit a witness by showing why faith should not be accorded to his testimony and that it consists of evidence attacking the character, motives, integrity or veracity of the witness." Williams v. Lide,628 So.2d 531, 538 (Ala. 1993) (internal quotation marks omitted). Clearly, evidence of the probation violations was admissible as impeachment testimony. The trial court did not err in admitting it.
Blackman next contends that the trial court erred in denying his Rule 59, Ala. R. Civ. P., motion for a new trial without giving him the opportunity to be heard and to present testimony and other evidence. The Alabama Supreme Court has held that "the denial of a postjudgment motion without a hearing thereon is harmless error, where (1) there is either no probable merit in the grounds as asserted in the motion, or (2) the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant." Historic Blakely Authority v.Williams, 675 So.2d 350, 352 (Ala. 1995).
The issues Blackman raised in his motion for a new trial are similar to those raised on appeal. There is no merit in the grounds he asserted in the motion; therefore, the court's denying his motion without first having a hearing amounts to harmless error.
The judgment of the trial court denying Blackman workers' compensation benefits is due to be affirmed.
Blackman also argues that the trial court erred in entering the summary judgment in favor of Gray Rider and Southern Risk on his claim of retaliatory discharge. That summary judgment was made final, pursuant to Rule 54(b), on May 28, 1997. Blackman did not file his notice of appeal as to that judgment until August 19, 1997, far more than 42 days later. Because the notice of appeal was untimely, we have no jurisdiction to address this issue. Rule 4, Ala. R.App. P. Therefore, the summary judgment entered in favor of Gray Rider and Southern Risk Services on the retaliatory discharge claim also is affirmed.
AFFIRMED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.