STUART, Justice.
This Court issued a writ of certiorari to determine whether the decision of the Court of Civil Appeals in West Fraser, Inc. v. Caldwell, 104 So.3d 889 (Ala.2012), conflicts with the parameters of appellate review set out in Ex parte McInish, 47 So.3d 767 (Ala.2008). We conclude that it does, and we reverse and remand.

Facts and Procedural History

On January 29, 2010, Windell Caldwell, Sr., sued West Fraser, Inc., seeking worker’s compensation benefits for a back injury he allegedly sustained while in the line and scope of his employment. On March 8, 2011, the trial court conducted a hearing, at which ore tenus evidence was presented, to determine the sole issue whether the injury was compensable.
At the hearing, Caldwell testified that on December 17, 2009, he reported to work and was assigned the task of replacing the “knives” on a mulching machine. According to Caldwell, in order to complete the task he had to lift 2 boxes, each weighing 50-100 pounds, and move a screen, weighing 80 pounds. Caldwell testified that he could not complete the task because while he was performing the task he felt three “pinches” in his back, causing him pain. He informed his supervisor, Bobby Hill, that he was suffering from back pain and that he was leaving work to see a doctor. Unable to drive, Caldwell contacted his wife, Rhonda, who picked him up and drove him to Auburn Urgent Care, a freestanding emergency medical clinic. According to testimony from both Caldwell and Rhonda, they informed the medical staff at Auburn Urgent Care that Caldwell’s back pain was the result of an injury that had occurred at work. The medical records from that visit, however, contained a notation indicating that “no injury” was reported.
*903 Caldwell further testified that on December 19, 2009, because his back pain was not subsiding, he had Rhonda drive him to the emergency room at East Alabama Medical Center. Caldwell and Rhonda testified that they told the medical staff at East Alabama Medical Center that Caldwell’s back pain was caused by a work-related injury. The medical records for that day’s visit, however, indicated that Caldwell “denie[d] injury.”
Caldwell testified that on December 21, 2009, he again visited Auburn Urgent Care. The medical records from that visit referenced an “injury [on] 12/17.”
On December 22, 2009, Caldwell informed West Fraser, via a facsimile transmission from his counsel, that he had injured his back at work on December 17, 2009.
The deposition testimony of Dr. David Scott, an orthopaedic surgeon who treated Caldwell, was admitted into evidence. Dr. Scott testified that Caldwell’s injuries were consistent with the lifting incident Caldwell had described occurring at work but that the injury also could have occurred in a number of ways.
West Fraser presented testimony from two of Caldwell’s supervisors and a coworker. Hill testified that when Caldwell informed him on December 17, 2009, that he was leaving work because he was experiencing back pain, Caldwell did not say how he had injured his back or that the injury was a work-related injury. Wilbert “Butch” McCants, a coworker of Caldwell’s, testified that he was working near Caldwell on the day of the alleged injury and that he did not hear Caldwell say that he had been injured or that he was in pain. He explained that he later learned that Caldwell was suffering from back pain. McCants admitted that, although Caldwell had complained of back pain in the past, he did not know whether the back pain Caldwell was suffering when he left work was caused by a work injury or by some other injury. James “Chris” Baker, another supervisor, testified that, when he learned that Caldwell was out on medical leave, he telephoned Caldwell to investigate his condition. He stated that Caldwell informed him that he had hurt his back and that it had been bothering him for several weeks. Baker testified that he had no knowledge of how Caldwell had injured his back.[1]
The trial court held that Caldwell had suffered a compensable injury, stating in a written order:
“The Court heard testimony from several witnesses regarding whether [Caldwell’s] injury was work-related. The testimony before the Court was that [Caldwell] was injured on December 17, 2009, while changing the ‘knives’ on a piece of equipment. He reported this injury to his supervisor and was driven to Auburn Urgent Care by his wife, as he was unable to drive his own vehicle due to the pain. Medical records offered reflected that there was no work-related injury. However, [Caldwell] and his wife testified that he told medical personnel that his pain was due to an injury at work and that the records were incorrect. The medical personnel who completed the medical reports did not testify at the hearing and were not deposed. Therefore, the Court was without the benefit of their testimony.
“The Court finds that [Caldwell] and his wife are credible witnesses. [Caldwell] has a roughly 20-year work history with [West Fraser] or its predecessors *904 and has been a model employee. The Court places a great deal of weight on [Caldwell’s] exemplary work history for the same employer.
“Having considered the testimony and evidence presented, as well as the arguments of counsel, the Court finds that [Caldwell] has met his burden of proof.... The Court finds that [Caldwell] has suffered a compensable injury and is entitled to medical coverage as well as temporary total disability from the time of the accident.”
(Footnote omitted.)
West Fraser appealed the trial court’s judgment to the Court of Civil Appeals, arguing that Caldwell had not met his burden of proof in establishing compensa-bility. The Court of Civil Appeals agreed and reversed the trial court’s judgment, holding that although
“[Caldwell] presented some evidence indicating that he injured his back [at work] ..., that evidence does not amount to substantial evidence that will support the determination of the trial court.”
104 So.3d at 900.

Standard of Review

[1-4] “The standard of appellate review in workers’ compensation cases is governed by § 25-5-81(e), Ala.Code 1975, which provides that, ‘[i]n reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.’ ‘Substantial evidence’ is ‘ “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” ’ Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996)(quoting West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989)).
“When evidence is presented ore ten-us, it is the duty of the trial court, which had the opportunity to observe the witnesses and their demeanors, and not the appellate court, to make credibility determinations and to weigh the evidence presented. Blackman v. Gray Rider Truck Lines, Inc., 716 So.2d 698, 700 (Ala.Civ.App.1998). The role of the appellate court is not to reweigh the evidence but to affirm the judgment of the trial court if its findings are reasonably supported by the evidence and the correct legal conclusions have been drawn therefrom. Ex parte Trinity Indus., 680 So.2d at 268-69; Fryfogle v. Springhill Mem’l Hosp., Inc., 742 So.2d 1255 (Ala.Civ.App.1998), aff'd, 742 So.2d 1258 (Ala.1999). The ‘appellate court must view the facts in the light most favorable to the findings of the trial court.’ Ex parte Professional Bus. Owners Ass’n Workers’ Comp. Fund, 867 So.2d 1099, 1102 (Ala.2003).”
Ex parte Hayes, 70 So.3d 1211, 1215 (Ala.2011).

Discussion

Caldwell maintains that the Court of Civil Appeals erred in reversing the trial court’s judgment because, he says, he presented substantial evidence to satisfy his burden of proving that the injury was com-pensable. The Court of Civil Appeals held that its review of the evidence, in its totality, see Ex parte Southern Energy Homes, Inc., 873 So.2d 1116 (Ala.2003), established that the testimony linking Caldwell’s injury to his employment was so implausible in substance that a fair-minded person exercising impartial judgment would not reasonably infer causation from that testimony. After reviewing the evidence, it held that “that evidence does not amount to substantial evidence that will support the determination of the trial court.” 104 *905 So.3d at 900. According to Caldwell, however, in reaching its decision, the Court of Civil Appeals reweighed the evidence; consequently, he argues, its decision conflicts with Ex parte MeInish, which provides:
“In reviewing a decision of the trial court, an appellate court is not permitted to reweigh the evidence, because weighing the evidence is solely a function of the trier of fact. However, it is the function of the appellate court to ascertain that the trial court’s findings of fact are supported by substantial evidence .... ”
47 So.3d at 778.
We have reviewed the totality of the evidence presented to the trial court, and we conclude that the trial court’s finding that Caldwell’s injury was a compensa-ble one is supported by substantial evidence. Caldwell testified that he injured his back while changing the “knives” on a mulching machine. Caldwell and Rhonda both testified that they informed the medical staff at each health-care facility at which he was treated that Caldwell had injured his back at work. Although the medical records from the first two healthcare facilities Caldwell visited do not indicate that he informed the medical staff that he had injured his back at work, all subsequent medical records, i.e., those created four days after Caldwell’s initial visit to a health-care facility and thereafter, indicate that the medical staffs were informed that Caldwell’s back injury was work-related. Additionally, Dr. Scott testified that Caldwell’s back injury, although it could have occurred in several ways, was consistent with the lifting incident Caldwell had described as causing the injury. Thus, “fair-minded persons in the exercise of impartial judgment [could] reasonably infer” from this evidence that Caldwell had injured his back at work and that the injury was compensable.
The Court of Civil Appeals relied heavily on Ex parte Southern Energy Homes, supra; Jackson Landscaping, Inc. v. Hooks, 844 So.2d 1267 (Ala.Civ.App.2002); and G.UB.MK. Constructors v. Davis, 45 So.3d 1277 (Ala.Civ.App.2010), in determining that Caldwell did not present substantial evidence of compensability so as to support the trial court’s judgment. We agree with the Court of Civil Appeals that these cases are instructive and that their reasoning is applicable to this case. These cases remind us that compensability in the context of workers’ compensation is determined upon a case-by-case review of the totality of the evidence presented. These cases, however, are factually distinguishable from this case. For example, in each of these cases, the employee’s testimony that the injury suffered was work-related was immediately questionable in light of the lengthy period that had elapsed between the alleged work-related injury and the employee’s stating that the injury was work-related. Here, at most, four days passed between Caldwell’s leaving work as a result of the back injury and the documentation of the injury as a work-related injury. Therefore, Caldwell’s testimony, unlike the testimony of the employees in Ex parte Southern Energy Homes, Hooks, and Davis, along with the other evidence presented in this case, constituted “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment [could] reasonably infer” that Caldwell’s injury was work-related.
We conclude from our review of the totality of the evidence, which admittedly reveals some inconsistencies in the evidence, that the trial court’s determination that Caldwell’s injury is compensable is supported by substantial evidence. The testimony linking Caldwell’s injury to his *906 employment was not so implausible in substance that a fair-minded person exercising impartial judgment could not reasonably infer from it causation. West Fraser presented conflicting evidence. The trial court reconciled the conflicting testimony, weighed the evidence, and concluded that Caldwell’s injury was compensable. Because the trial court’s determination is supported by substantial evidence, Caldwell has established that the decision of the Court of Civil Appeals conflicts with Ex parte McInish and must be reversed.

Conclusion

Based on the foregoing, the judgment of the Court of Civil Appeals is reversed and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MALONE, C.J., and WOODALL, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.
MURDOCK, J., concurs in the result.

. A more complete recitation of the facts is provided in the opinion of the Court of Civil Appeals. 104 So.3d at 890-94.