DONALDSON, Judge,
dissenting.
I respectfully dissent from decision to reverse the judgment finding Wendy Graham Ezell (“the mother”) to be in contempt. Disputed facts were presented to the trial court in a ore tenus proceeding. Without question, the evidence would have supported a finding by the trial court that the mother was not in contempt. But my reading of the transcript shows sufficient evidence from which the trial court could find, beyond a reasonable doubt, that the mother had intentionally thwarted court-ordered visitation with Christopher Graham (“the father”) by refusing to transport the child to the scheduled visitation locations and by refusing to cooperate with the father and a social worker in facilitating visitation with the child. Unless or until the court order establishing visitation was vacated or modified, the parties were bound to comply with it. The record contains a transcript of the postjudgment motion hearing at which the trial court specifically referenced, as an example of the mother’s noncompliance, the mother’s testimony that she told the social worker that she would not permit the child to visit with the father. The mother argued that her reasons justified her actions; the trial court disagreed. The credibility of the witnesses, including the child, was for the trial court to evaluate:
“When evidence is presented ore ten-us, it is the duty of the trial court, which had the opportunity to observe the witnesses and their demeanors, and not the appellate court, to make credibility determinations and to weigh the evidence presented. Blackman v. Gray Rider Truck Lines, Inc., 716 So.2d 698, 700 (Ala.Civ.App.1998). The role of the appellate court is not to reweigh the evidence but to affirm the judgment of the trial court if its findings are reasonably supported by the evidence and the correct legal conclusions have been drawn therefrom. Ex parte Trinity Indus., [Inc.,] 680 So.2d [262] at 268-69 [ (Ala.1996) ]; Fryfogle v. Springhill Mem’l Hosp., Inc., 742 So.2d 1255 (Ala.Civ.App.1998), aff'd, 742 So.2d 1258 (Ala.1999). The ‘appellate court must view the facts in the light most favorable to the findings of the trial court.’ Ex parte Professional Bus. Owners Ass’n Workers’ Comp. Fund, 867 So.2d 1099, 1102 (Ala.2008).”
Ex parte Hayes, 70 So.3d 1211, 1215 (Ala.2011).
So long as the evidence is sufficient to support a finding of contempt, that finding is for the trial court to make in the exer *988 cise of its “sound discretion.” S.A.T. v. E.D., 972 So.2d 804, 809 (Ala.Civ.App.2007) (holding that the trial court was in the best position to determine whether the mother’s excuse for noncomplianee with a visitation order was credible). Because I believe the evidence was sufficient to support the finding of contempt, I respectfully dissent.